UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ESBIN & ALTER, LLP,

              Plaintiff,          08 Civ. 313

  -against-                        OPINION

PAUL ZAPPIER, et al.,

              Defendants.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    ALTER & ALTER, LLP
    300 East 42nd Street, 10th Floor
    New York, NY  10017
    By:  Daniel S. Alter, Esq.


    Attorneys for Defendants

    KILPATRICK STOCKTON LLP
    31 West 42nd Street, 14th Floor
    New York, NY  10011
    By:  Frederick L. Whitmer, Esq.
         Marc A. Lieberstein, Esq.

**Sweet, D.J.**

Plaintiff Esbin & Alter, LLP ("E&A") and counterclaim defendants Scott Esbin ("Esbin") and Ilyssa Alter ("Alter") (collectively, the "Counterclaim Defendants") have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the counterclaims alleged by Defendants Paul Zappier ("Zappier"), RAD Technologies, Inc. ("RAD") and Advanced Trade Settlement, LC ("ATS") (collectively, the "Zappier Defendants"). Based upon the conclusions set forth below, the motion is granted in part and denied in part.

## Prior Proceedings

On January 14, 2008, E&A commenced this action against Zappier Defendants, alleging copyright infringement and commercial torts. The Zappier Defendants answered the complaint but did not counterclaim.

On February 21, 2008, the Zappier Defendants filed a Motion to Dismiss supported by an affidavit of Zappier, dated February 4, 2008 ("Zappier Affidavit") in which he stated:

1

1) Plaintiff E&A has been talking to the prospective clients for ATS, stating among other things that E&A owns the rights to the ATS Software;

2) JP Morgan, a prospective client, communicated that they would not further pursue business with ATS regarding its software. Upon information and belief, they made this decision because of what they were told by E&A; and

3) E&A's conduct has caused damages to ATS' business prospects and reputation, creating a cause of action that Zappier wished to pursue in this case.

(Zappier Affidavit, ¶¶ 16-18).

On January 7, 2010, the Plaintiffs filed an Amended Complaint adding Sabharwal, Globus & Lim, LLP ("SGL") as a defendant.

On November 1, 2010, the Zappier Defendants filed their answer and counterclaim to the Amended Complaint alleging fraud on the copyright office (Count I), trade libel (Count II) and Tortious Interference (Count III).

The instant motion was heard on January 19, 2011.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36 (1974)).

Though the pleading standard set forth in Federal Rule of Civil Procedure 8 is a liberal one, it is not without its demands:

> [T]he pleading standard Rule 8 announces ... demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusion or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Thus, a complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570).

3

In meeting this "plausibility standard," the plaintiff must demonstrate more than a "sheer possibility" of unlawful action; pleading facts that are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557) (internal quotations omitted); see also Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 131 (2d Cir. 2007) ("Although the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice. To survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient to raise a right to relief above the speculative level.") (internal quotations and citations omitted); Gavish v. Revlon, Inc., No. 00 Civ. 7291, 2004 WL 2210269, at *10 (S.D.N.Y. Sept. 30, 2004) ("[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not defeat a motion to dismiss.") (quoting Citibank, N.A. v. Itochu Intern. Inc., No. 01 Civ. 6007, 2003 WL 1797847, *1 (S.D.N.Y. Apr. 4, 2003)).

### The Claim for Fraud on the Copyright Office is Dismissed

The Second Circuit has observed that courts "have considered challenges to the presumption of [copyright] validity

4

where a showing has been offered - by way a defense to an infringement claim - that there has been fraud on the copyright office." Fonar Corp. v. Domenick, 105 F.3d 99, 105 (2d Cir. 1997), cert. denied, 522 U.S. 908 (1997); see also Kwan v. Schlein, No. 05 Civ. 459, 2008 WL 4755345, at *2 (S.D.N.Y. Oct. 30, 2008) ("a defendant in a copyright infringement case may claim fraud on the copyright office as a defense to rebut [the] presumption of [copyright] validity."); Lennon v. Seaman, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000) ("An allegation of fraud on the Copyright Office is typically brought in an infringement action as an affirmative defense to the enforcement of a registered copyright certificate"). But "there is no precedent supporting the use of a claim for fraud on the Copyright Office as an affirmative cause of action, rather than as a defense to a copyright certificate's validity." Kwan, 2008 WL 4755345, at *2.

Section 506 of the Copyright Act is a penal statute, and § 506(e) specifically makes it a crime for any person to "knowingly make[] a false representation of a material fact in the application for copyright registration ... , or in any written statement filed in connection with the application." 17 U.S.C. § 506(e). Courts in this district and elsewhere have definitively concluded, however, "that Congress intended that

5

section 506 serve as a criminal statute and not give rise to private actions." Donald Frederick Evans and Assocs., Inc. v. Continental Homes, Inc., 785 F.2d 897, 913 (11th Cir. 1986) (citing legislative history); see also Barnhart v. Federated Dep't Stores, Inc., No. 04 Civ. 3668, 2005 WL 549712, at *9 (S.D.N.Y. Mar. 8, 2005) ("There is no corresponding private right of action ... under 17 U.S.C. § 506(e) for making false claims to the Copyright Office."); Too, Inc. v. Kohl's Dep't Stores, Inc., 210 F. Supp. 2d 402, 405 (S.D.N.Y. 2002) (§ 506(e) "has no corollary private right of action"); Ashton-Tate Corp. v. Ross, 728 F. Supp. 597, 602 (N.D. Ca. 1989) ("section 506(e) is solely a criminal statute that does not provide a private cause of action"), aff'd, 916 F.2d 516 (9th Cir. 1990).

The counterclaim is dismissed, no private right of action having been established. The affirmative defense remains, leaving the same issues open for discovery.

**The Allegations of Trade Libel and Tortious Interference are Adequate**

Initially, E&A sought dismissal of the trade libel and tortious interference claims on the grounds of the one-year statute of limitations provided by N.Y. C.P.L.R. § 215(3).

6

(Mem. in Support at 8, 13-14.) The Zappier Defendants have contended (1) that they have complied with the one-year statute by virtue of a February 4, 2008 affidavit filed by Zappier in support of the Counter Plaintiffs' motion to dismiss, and (2) that the appropriate statutes of limitations for trade libel and tortious interference are three years.

Although certain of the operative facts underlying Claims II and III are set forth in the Zappier Affidavit, the Zappier Defendants cite no authority under which the affidavit can be treated for statute of limitations purposes as setting forth a counterclaim. The affidavit did not constitute compliance with the one-year statute.

However, trade libel and tortious interference claims are species of unfair competition that fall under the statute of limitations of either three or six years, "depending upon the nature of the underlying tortious conduct." Borgognone v. Patricia's Pizza & Pasta II, Inc., No. 10 Civ. 841, 2010 U.S. Dist. LEXIS 118171, at *5 (S.D.N.Y. Nov. 3, 2010) (citing Mario Valente Collezioni, Ltd. v. AAK Ltd., 280 F. Supp. 2d 244, 257-58 (S.D.N.Y. 2003)). The statute of limitations for a claim for tortious interference with contractual and business

7

relationships is three years. See N.Y. C.P.L.R. 214(4); Mario Valente Collezioni, Ltd., 280 F. Supp. 2d at 254.

E&A has contended that the unfair competition claims of trade libel and tortious interference are "defamation" claims, which fall under the one-year statute of limitations. The fact that "trade libel" reflects reputational injury does not convert trade libel into defamation. The counterclaim alleges harm as follows:

> Upon information and belief, Zappier and ATS have not been able to market the ATS Software and services to this day because of the false public statements made by Counterclaim-defendants, and this has caused Zappier and ATS not only financial harm, but harm to their reputation, in an amount exceeding twenty-five million dollars.

(Counterclaim ¶¶ 38, 34-43).

Contrary to the E&A contention, "where the alleged harm suffered by the plaintiff is not 'precisely the same as that caused by defamation' - namely, harm to the plaintiff's reputation - the Court should decline to construe a claim as one for defamation." Lindner v. IBM Corp., No. 06 Civ. 4751, 2008 U.S. Dist. LEXIS 47599, at *43 (S.D.N.Y. Jun. 18, 2008) (citations omitted). In Lindner, the district court declined to treat a tortious interference claim as a defamation claim for statute of limitations purposes precisely "because the 'harm

8

assertedly sustained by the plaintiff [was], at least in part, economic, and, therefore, not 'precisely the same as that caused by defamation.'" Id. at *44-45 (citations omitted). The second and third counterclaims allege financial injury in addition to reputational harm and, therefore, allege unfair competition, not defamation. Furthermore, the Zappier Defendants properly brought their counterclaims within the three year statute of limitations.

E&A has also requested dismissal of Counterclaims II and III on the grounds that the necessary element of malice has not been adequately alleged.

In order to state a claim for tortious interference with business relations, the claimant must show that:

> (1) they "had a [particular and existing] business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship."

Faiveley Transport USA, Inc. v. Wabtec Corp., No. 10 Civ. 4062, 2010 WL 4860674, at *8 (S.D.N.Y. Nov. 29, 2010) (quoting Carvel Corp. v. Noonan, 350 F.3d 6, 17 (2d Cir. 2003)); see Albany Molecular Research, Inc. v. Schloemer, No. 10 Civ. 210, 2010 WL 5168890, at *7 (N.D.N.Y. Dec. 14, 2010); Mahmud v. Kaufman, 607

F. Supp. 2d 541, 560 (S.D.N.Y. 2009) (noting that the business relationship at issue must be "particular" and "existing").

To state a claim for trade libel, the Zappier Defendants must allege "knowing publication of false matter derogatory to the plaintiff's business of a kind calculated to prevent others from dealing with the business or otherwise interfering with its relation with others, to its detriment." Kasada, Inc. v. Access Capital, Inc., No. 01 Civ. 8893, 2004 WL 2903776, at *15 (S.D.N.Y. Dec. 14, 2004) (citing Global Merck, Inc. v. Lombard & Co., 234 A.D.2d 98, 99, 650 N.Y.S.2d 724 (1st Dep't 1996); see also Chao v. Mount Sinai Hosp., No. 10 Civ. 2869, 2010 WL 5222118, at *12 (S.D.N.Y. Dec. 17, 2010).

The Zappier Defendants' Counterclaims II and III adequately plead both tortious interference and trade libel under the above standards. The counterclaims allege that the E&A Defendants made false public statements claiming that Zappier stole software from E&A to individuals with whom the Zappier Defendants did business, that these statements were made for the malicious purpose of destroying the reputation of Zappier and ATS, that, as a consequence, Zappier's business negotiations concerning the ATS Software with financial institutions came to a halt, that Zappier and ATS have not been

10

able to market the ATS Software and services because of these statements, and that Zappier and ATS have suffered financial harm. (Counterclaim, ¶¶ 33-38).

The Zappier Defendants have alleged that Counterclaim Defendants made false statements of theft to prospective clients of ATS for no purpose other than to destroy their business and reputation and to cause them financial harm. (Counterclaim, ¶¶ 27, 34-35).

E&A also contends that the counterclaim never names which members of E&A actually made the defamatory statements. (Mem. in Support at 10). However, the allegations identify the named Defendants Esbin and/or Alter. Nothing more is necessary at this stage. See Vietnam Ass'n for Victims of Agent Orange v. Dow Chemical Co., 517 F.3d 104, 115 (2d Cir. 2008) (A court considering a Rule 12(b)(6) motion to dismiss "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.") (quoting Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir. 2007)).

The core of Zappier's allegation is that "but for E&A's malicious and illegal conduct and false public statements, Zappier would have entered into a contract . . . for the sale of

11

ATS Software in an amount exceeding twenty-five million dollars." (Counterclaim, ¶ 43). This adequately alleges unfair competition by way of trade libel or intentional interference with business relations.

## Conclusion

Based on the conclusions set forth above, Plaintiff's motion to dismiss is granted as to Counterclaim I and denied as to Counterclaims II and III.

It is so ordered.

**New York, NY**
**March 17, 2011**

_____
ROBERT W. SWEET
U.S.D.J.

12